UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

DJC PROPERTY CORPORATION, )
SOUTH D, LLC, and )
JRE STRATEGIES LLC, )
)
      Plaintiffs, )
)
v. ) Case No. CIV-25-145-R
)
ONE BLOCK HOLDINGS, LLC, )
)
      Defendant. )

## ORDER

Before the Court is Plaintiffs' Emergency Motion to Remand and Request for Expedited Response and Ruling [Doc. No. 9]. The Court ordered an expedited response from Defendant, which has now been filed [Doc. No. 11]. For the reasons explained below, Plaintiffs' motion is granted.

This action involves a dispute over access to electrical equipment that serves two adjacent tracks of land. Plaintiffs DJC Property, South D, and JRE initiated the action in state court against Defendant OneBlock asserting claims for trespass/unlawful interference with real property rights, tortious interference with existing contractual and business rights, and a declaratory judgment recognizing their common law easement, implied easement, and/or easement by necessity. Plaintiffs also sought a temporary and permanent injunction against OneBlock and indemnification from OneBlock.

Mere moments before a hearing on Plaintiffs' request for a temporary restraining order was scheduled to begin in state court, OneBlock removed the action on the basis of

1

diversity jurisdiction under 28 U.S.C. § 1332. OneBlock concedes that Plaintiff JRE is a non-diverse party but contends that its citizenship may be disregarded for purposes of establishing diversity jurisdiction because JRE was fraudulently joined.

In their state court Verified Petition, Plaintiffs allege that DJC Property owns two adjacent tracts of land in Oklahoma City, Tract 1 and Tract 2. Pet. ¶ 7. Tract 1 is leased to OneBlock and Tract 2 is leased to JRE. *Id.* ¶¶ 23, 24. Both entities are engaged in Bitcoin mining, which requires a significant amount of electrical power. South D is the fee owner of power boxes that sit outside the boundaries of Tract 1 and underground power lines that run across both Tract 1 and Tract 2. *Id.* ¶¶ 10-15.

Plaintiffs allege that prior to entering into the lease for Tract 1, OneBlock knew where the electrical infrastructure was located, knew that anyone using Tract 2 for Bitcoin mining would need access to the electrical infrastructure, and promised that its construction of its Bitcoin mining facility on Tract 1 would not infringe on any of the electrical infrastructure. *Id.* ¶¶ 19-23.

A little over two years after leasing Tract 1 to OneBlock, DJC Property leased Tract 2 to JRE. *Id.* ¶¶ 23-24. South D also leased the electrical infrastructure to JRE. *Id.* ¶¶ 24-25. To commence their Bitcoin mining operations on Tract 2, JRE needs access to the power boxes sitting outside Tract 1 for the purpose of connecting certain electrical switches to the underground power lines. *Id.* ¶¶ 28-29. And here is where the problem lies: the power boxes are only accessible by a road running across Tract 1, and OneBlock is refusing to allow access to Plaintiffs. *Id.* ¶¶ 30, 42. OneBlock's CEO and JRE's majority owner are involved in a separate business dispute that resulted in a temporary injunction being entered

against JRE's owner in Texas state court. *See* Def. Br., Ex. 1 [Doc. No. 11-1]. According to Plaintiffs, OneBlock's denial of access is solely motivated by its desire to harm JRE and its owner. Pet. ¶ 36.

In their Notice of Removal [Doc. No. 1], OneBlock asserts that JRE has not alleged sufficient facts to support its claims and JRE is therefore fraudulently joined. Plaintiffs counter that JRE has, at the least, colorable claims against OneBlock.[1]

OneBlock, as the party invoking federal jurisdiction, bears the "heavy burden of proving fraudulent joinder and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quotation omitted). To establish fraudulent joinder, the removing party "must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. (brackets and quotation omitted). OneBlock relies on the second prong, which requires remand "if any one of the claims against the non-diverse defendant…is possibly viable." *Montano v. Allstate Indem*., 211 F.3d 1278 *2 (10th Cir. 2000) (unpublished). "This standard is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6)[.]" *Id.* Although the Court may pierce

---

[1] Plaintiffs also argue that the fraudulent joinder doctrine does not apply to a non-diverse plaintiff, as opposed to a non-diverse defendant. There is no controlling Tenth Circuit authority on this issue and courts in this district have reached different conclusions. *See Flotek Industries, Inc. v. Vinson*, 2005 WL 2396503, No. CIV-05-599-C (W.D. Okla. Sept. 28, 2005) (finding fraudulent joinder applicable to non-diverse plaintiffs); *Certain Underwriters at Lloyd's London v. Cameron Int'l Corp*., 2023 WL 6379999, CIV-22-640-G (W.D. Okla. Sept. 29, 2023) (finding fraudulent joinder inapplicable to non-diverse plaintiffs). There is no need for this Court weigh in on the issue because, even assuming fraudulent joinder is applicable to a non-diverse plaintiff, OneBlock has failed to meets its burden of showing that JRE has no possibility of recovery on at least one cause of action.

the pleadings and consider the entire record in evaluating a fraudulent joinder claim, it may not "pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot v. Chicago, R.I. & P. R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).

Here, JRE has asserted a claim seeking to establish an easement of necessity across Tract 1 to access the electrical infrastructure. Under Oklahoma law, a plaintiff seeking to show the existence of a common law easement of necessity, "must prove the following elements: (1) unity of title; (2) conveyance of part of the land previously held under unity of title; and (3) a resulting necessity for access to the property at the time of its severance." *Johnson v. Suttles*, 227 P.3d 664, 667 (Okla. 2009). OneBlock argues that the third element is lacking because, at the time the OneBlock lease was executed, Tract 2 was vacant. Thus, OneBlock contends, the need to access the electrical infrastructure via Tract 1 did not arise at the time of the severance and only arose years later when DJC Property leased Tract 2 to JRE.

In *Johnson*, the Oklahoma Supreme Court explained that

> an easement of necessity merely requires the existence of a need for an easement across a defendant's land at the time of the conveyance which separated the parties' tracts. In other words, a claimant must show that his land, or a portion thereof, was inaccessible and in need of an easement at the time of the severance of the two tracts. Actual use at the time of the severance is not required.

*Id.* at 668. (internal citation omitted). Plaintiffs' have alleged that DJC Properties attempted to lease both Tract 1 and Tract 2 to OneBlock and that OneBlock knew DJC Properties would need continued access to the electrical infrastructure to supply power to a future

tenant of Tract 2. Pet. ¶¶ 19-22. Although Tract 2 was vacant, and the electrical equipment was not in actual use at the time the OneBlock lease was executed, this is not necessarily dispositive of JRE's claim. Resolving all factual and legal issues in favor of JRE, as the Court must at this stage, OneBlock has not demonstrated that JRE's easement of necessity claim lacks "a basis in the alleged facts and the applicable law," *Nerad v. Astra-Zeneca Pharmaceuticals*, 203 F. App'x 911, 913 (10th Cir. 2006), or that the claim is not possibly viable. *Montano,* 211 F.3d 1278 *2.

JRE has also asserted a claim against OneBlock for tortious interference with contract or business relations. The elements of a cause of action for tortious interference with contract are: "1) interference with a business or contractual right; 2) malicious and wrongful interference that is neither justified, privileged, nor excusable; and 3) damage proximately sustained as a result of the interference." *Tuffy's, Inc. v. City of Oklahoma City*, 212 P.3d 1158, 1165 (Okla.2009). "There is no actionable claim if the interference is lawful or does not encompass any unfair or unlawful act." *Brock v. Thompson*, 948 P.2d 279, 293 n.59 (Okla. 1997). OneBlock argues that JRE's tortious interference claim is not viable because OneBlock has no legal obligation to grant JRE access to Tract 1.

Plaintiffs allege that Tract 2 has been leased by JRE to a sub-tenant, Plaintiffs have a contractual duty to supply power to Tract 2, OneBlock is preventing DJC Properties and South D (the landlord entities for the real property and electrical infrastructure) from accessing the power boxes and underground power lines, and that the denial of access is interfering with Plaintiffs' contractual duty to supply power to the subtenant. Pet. ¶¶ 33, 45. Moreover, Plaintiffs allege that OneBlock is denying access solely for the purpose of

5

injuring JRE because OneBlock's owner and JRE's owner are involved in a separate, and apparently contentious, business dispute. *Id.* ¶¶ 35-36. Although OneBlock disputes that its denial of access is unlawful, when all factual and legal issues are resolved in Plaitniffs' favor, the allegations are sufficient to show that the tortious interference claim is at least possibly viable.[2]

Plaintiffs' request an award of fees and costs incurred as a result of OneBlock's attempted removal. *See* 28 U.S.C. § 1447(c). Although the timing of OneBlock's Notice of Removal could suggest that the removal was "sought for the purpose of prolonging litigation," the Court is not persuaded that the removal was without any "objectively reasonable basis." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 140, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005). Accordingly, Plaintiffs' request for fees and costs is denied.

After considering Plaintiffs' allegations, and the heavy burden placed on the party asserting fraudulent joinder, the Court concludes that OneBlock has not shown that JRE has "no possibility of recovery" on at least one of their claims. *Montano*, 211 F.3d 1278, *4. For that reason, Plaintiffs' Emergency Motion to Remand and Request for Expedited Response and Ruling [Doc. No. 9] is GRANTED and this action is REMANDED to the District Court of Oklahoma County.

---

[2] There is no need to address the viability of JRE's other claims because "remand is required if any one of the claims against the non-diverse defendant…is possibly viable." *Montano*, 211 F.3d 1278 *2.

**IT IS SO ORDERED** this 10th day of February, 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE